USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: _11/23/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANETECH, a.s.,

Plaintiff,

-against-

STRATA SUSTAINABILITY LLC,

Defendant.

25 Civ. 6971 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On August 22, 2025, Plaintiff, MANETECH, a.s., filed this action against Defendant, Strata Sustainability LLC. *See* ECF No. 1. On September 3, 2025, the Court directed the parties to submit a joint letter and proposed case management plan by November 3, 2025. *See* ECF No. 7. After the parties failed to make the necessary filings, the Court renewed its order on November 5, 2025, directing the parties to submit their filings by December 3, 2025. *See* ECF No. 11. On December 4, 2026, when the parties still failed to adhere to the Court's order, the Court set a final submission deadline of January 7, 2026 and, in the alternative, instructed Plaintiff to "initiate default judgment proceedings." *See* ECF No. 12. The Court also warned that "that further failure to comply with the Court's orders and to prosecute . . . [could] result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *See* ECF No. 12. On December 30, 2025, Plaintiff submitted a proposed certificate of default, *see* ECF No. 15, which the Clerk of Court entered, *see* ECF No. 17.

Plaintiff has taken no further action since then. On August 26, 2026, the Court directed Plaintiff to file a status report and warned Plaintiff that failure to respond could result in dismissal under Rule 41(b). *See* ECF No. 18. On September 25, 2026, having still received no status report from Plaintiff, the Court ordered Plaintiff to show cause by October 16, 2026, why this action should not be dismissed for failure to prosecute. *See* ECF No. 19. Plaintiff failed to respond.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal] [R]ules or a court order." The Court may do so *sua sponte*. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In determining whether to dismiss an action under Rule 41(b), the Court considers: (1) "the duration of plaintiff's failures or non-compliance," (2) "whether plaintiff had notice that such conduct would result in dismissal," (3) "whether prejudice to the defendant is likely to result," (4) "whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard," and (5) "whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive," and the Court must weigh all five considerations in determining whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal under Rule 41(b) is subject to the discretion of the district court. *See Baffa*, 222 F.3d at 62.

Four of the five factors weigh strongly in favor of dismissal. As to the first factor, "[i]n this Circuit, even a delay of a few months may warrant dismissal" under Rule 41(b). *Persaud v. Talent for 59Th St. Bloomingdales*, No. 26 Civ. 368, 2026 WL 2836426, at *4 (E.D.N.Y. Sept. 22, 2026) (citation omitted). Plaintiff has not made a filing this calendar year—eleven months and counting.

With regard to the second factor, "[d]istrict courts in the Second Circuit have considered one or two warnings to be adequate notice." *Lamothe v. Connecticut*, No. 19 Civ. 00699, 2025 WL 3514225, at *4 (D. Conn. Dec. 8, 2025) (citation omitted). The Court warned Plaintiff in three separate orders that failure to prosecute this action could result in dismissal. *See* ECF Nos. 12, 18–19.

The Court finds the third factor, prejudice to the Defendant, is a neutral factor in the Court's analysis because although "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982), the Defendant in this action has failed to appear despite being served. Therefore, there is no evidence that Defendant has suffered prejudice as a result of Plaintiff's inaction.

Regarding the fourth factor, "the Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn [its] attention to this case." *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022). Plaintiff's long-term "failure to comply with the court's order[s] or make an attempt to prosecute this case dismisses [its] right to have the court hear [its] claim." *George v. Cousins Printing LLC*, No. 06 Civ. 6135, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008) (citing *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)).

Lastly, the Court concludes that no lesser sanction than dismissal is appropriate. Plaintiff is represented by attorneys who the Court can assume are well aware of the consequences of failing to respond to an order to show cause. When, as here, "Plaintiff has effectively disappeared . . . dismissal is the appropriate remedy." *See Velt Corp. v. United States*, No. 19 Civ. 5463, 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) (citation omitted), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020); *see also Nava v. Opai Thai Inc.*, No. 20 Civ. 3848, 2021 WL 1873153, at *2 (S.D.N.Y. May 10, 2021) (finding dismissal to be the appropriate sanction where "there [was] nothing in the record to suggest that a sanction less serious tha[n] dismissal will resolve the plaintiff's failure to cooperate") (citation omitted).

Accordingly, this action is DISMISSED with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: November 23, 2026
New York, New York

ANALISA TORRES
United States District Judge